James E. Mercante
Douglas K. Scheller, Jr.
**RUBIN, FIORELLA, FRIEDMAN & MERCANTE LLP**
630 Third Ave., 3rd Floor
New York, NY 10017
*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

_____

IN THE MATTER OF THE COMPLAINT

  -of -

LEIF NEUBAUER, as Owner of a 1995,
38-foot vessel named "KRAKEN"
for Exoneration from or Limitation
of Liability,

      Petitioner.
_____

Civil Action No.: 23-cv-4112

**COMPLAINT FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY**

Leif Neubauer, as Owner of a 1995, 38-foot vessel named "KRAKEN", by and through his attorneys Rubin, Fiorella, Friedman & Mercante LLP, as and for his Complaint for Exoneration from or Limitation of Liability, alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, as hereinafter more fully appears ("Limitation Action").

2. The Court has admiralty and maritime jurisdiction over this proceeding pursuant to Article III, Section 2 of the Constitution of the United States and 28 U.S.C. § 1333, because the incident

involved destruction of a vessel in a boatyard situated on the navigable waters of the United States, more specifically at Ponquogue Marine Basin, Hampton Bays New York.

3. Venue in this district is proper because a related action is presently pending in the Supreme Court of the State of New York, County of Suffolk, *J.M.G. Distributors Corp. v. Leif Neubauer*, Index No. 206918/2022.

## THE PARTIES

4. Petitioner Leif Neubauer ("Petitioner") at all pertinent times was and still is domiciled in the State of New York.

5. Petitioner is the owner of a 1995, 38-foot vessel named "KRAKEN" ("the vessel").

6. On January 7, 2022, the vessel was at Ponquogue Marine Basin boatyard, adjacent to Shinnecok Bay and in the vicinity of the boat lift located on navigable waters of the United States, Hampton Bays, New York.

7. On January 7, 2022, the potential claimant J.M.G. Distributors Corp. alleges the vessel was in dry-dock at the Ponquogue Marine Basin.

8. In the early morning of January 7, 2022, the vessel caught fire.

9. The vessel was destroyed and unable to be salvaged.

10. Petitioner was not aboard the vessel or at Ponquogue Marine Basin boatyard at the time of the fire.

11. Petitioner had no role in the occurrence of the fire.

12. The vessel was well maintained and there was no condition of the vessel that contributed to the incident.

13. The incident resulted in J.M.G. Distributors Corp. filing claims against Petitioner for alleged damage to its vessel.

14. Any claims for loss, damage and/or injury arising from the incident was not due to the fault, neglect, or want of care on the part of the Petitioner.

15. Any claims for loss, damage and/or injury arising from the incident were solely caused by the acts, omissions, and/or negligence of third-parties for whom Petitioner is not responsible, and not due to any fault, neglect, or want of care on the part of the Petitioner.

16. If any fault caused or contributed to the claims for loss, damage and/or injury arising from the incident, which is denied, such fault, neglect, or want of care was occasioned and occurred without Petitioner's privity or knowledge. Petitioner acted reasonably under the circumstances.

17. The value of the Vessel after the incident was $1,000 (Exhibit "A").

18. Petitioner offers an Ad Interim Stipulation for value totaling the amount of $1,000, said amount not less than Petitioner's interest in the value of the vessel on the date of the incident, for payment into Court whenever the same shall be ordered after motion, as provided for by the aforesaid statute, and by Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and by the rules and practices of this Court.  (Exhibit "B", Ad Interim Stipulation for Value).

19. The nature of the alleged claims has an amount that may exceed the value of Petitioner's interest in the vessel on the date of the incident.

20. Petitioner commenced this proceeding within six months of receiving written notice of loss giving rise to a possible claim(s).

21. Petitioner is entitled to exoneration from liability for any claims arising from the aforementioned incident, and from any and all claims that have been or may hereafter be made.

22. Petitioner's claim, in the alternative, the benefit of limitation of liability to the value of the vessel provided by 46 U.S.C. §30501 *et seq*., and the various statutes supplementary thereto and amendatory thereof.

WHEREFORE Petitioner prays:

(1) That this Court issue an Order to include the following:

    a. Directing the issuance of Notice to all persons asserting claims with respect to the January 7, 2022 incident, which this Complaint seeks Exoneration from or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve undersigned counsel for Petitioner a copy hereof on or before a date to be named in the Notice.

    b. Directing Petitioner to file an *Ad Interim* Stipulation for Value as security for the benefit of any and all claimants, in the amount of Petitioner's interest in the value of the vessel as of the date of the incident, with interest at the rate of 6% *per annum* from the date of said security or whenever the Court shall so order.

    c. Directing that upon Petitioner's filing of the *Ad Interim* Stipulation for Value, an injunction shall issue (Restraining Order) enjoining the prosecution against Petitioner, his representatives, insurers, and the vessel, of any and all claims, suits, actions, motions or proceedings, whether or not already begun, with respect to the incident, except in this proceeding.

(2) That this Honorable Court adjudge that Petitioner is not liable for any claims for loss, damage, and/or injury arising out of the January 7, 2022 incident, and is therefore entitled to exoneration from liability.

(3) If Petitioner is adjudged liable, that such liability be limited to the Petitioner's interest in the value of the Vessel as of the date of the incident in the maximum amount of $1,000, and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided *pro rata* according to the above-mentioned statutes among such claimant(s) as may duly prove their claim saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

(4) That Petitioner may have such other and further relief as justice may require.

Dated: New York, New York
      June 2, 2023

                                        **RUBIN, FIORELLA, FRIEDMAN**
                                        **& MERCANTE LLP**
                                        *Attorneys for Petitioner*

By:   *Douglas K. Scheller, Jr.*
                James E. Mercante
                Douglas K. Scheller, Jr.
                **RUBIN, FIORELLA, FRIEDMAN**
                **& MERCANTE LLP**
                James E. Mercante
                630 Third Avenue, 3rd Floor
                New York, NY 10017
                Tel: 212-953-2381
                Fax: 212-953-2462
                E-Mail: Jmercante@rubinfiorella.com
                E-Mail: dscheller@rubinfiorella.com
                Our File No.: 0843.49968